1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

ERICK JASON TALBOT,

Petitioner,

Case No.  16-00205 HRL (PR)

**ORDER OF DISMISSAL;GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

v.

CA DEPT. OF CORRECTIONS AND REHABILITATIONS,

Respondent.

(Docket No. 3)

18

Petitioner, a state prisoner at San Quentin State Prison proceeding pro se, filed a petition

19 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.

20 Petitioner has filed a motion for leave to proceed in forma pauperis.  (Docket No. 3.)

21
22

**BACKGROUND**

23

According to the petition, Petitioner pleaded guilty to violating Penal Code §§ 459,

24 530.5(a), and 496(a) in Marin County Superior Court.  (Pet. at 1.)  Petitioner was sentenced on

25 November 5, 2015, to 5 years and 8 months.  (Id.)  The petition indicates that Petitioner did not

26 appeal his conviction, or file any other collateral review of the matter.  (Id. at 2-3.)

27 ///

28 ///

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Petitioner filed the instant federal habeas petition on December 3, 2015.[1]  (Pet. at 6.)

2

3                              **DISCUSSION**

4        Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

5    either the fact or length of their confinement are first required to exhaust state judicial remedies,

6    either on direct appeal or through collateral proceedings, by presenting the highest state court

7    available with a fair opportunity to rule on the merits of each and every claim they seek to raise in

8    federal court.  See 28 U.S.C. § 2254(b)-(c).  The exhaustion requirement is satisfied only if the

9    federal claim (1) has been "fairly presented" to the state courts, Picard v. Connor, 404 U.S. 270,

10   275 (1971) (citations omitted); and (2) no state remedy remains available, see Johnson v. Zenon,

11   88 F.3d 828, 829 (9th Cir. 1996).  Before a petitioner may challenge either the fact or length of his

12   confinement in a habeas petition in this Court, he must present to the California Supreme Court

13   any claims he wishes to raise in this court.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding

14   every claim raised in federal habeas petition must be exhausted).  If available state remedies have

15   not been exhausted as to all claims, the district court must dismiss the petition.  See id., 455 U.S.

16   at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

17       The petition contains seven claims, (Pet. at 5, and Attach.), and it is apparent from the

18   petition that Petitioner did not present any of them to the state high court.  (Id. at 2-3, 5.)

19   Accordingly, this petition must be DISMISSED for failure to exhaust all claims.

20

21                              **CONCLUSION**

22       The instant petition is DISMISSED for failure to exhaust state court remedies.  See Rose,

23   455 U.S. at 510.  This dismissal is without prejudice to Petitioner's returning to federal court after

24   exhausting his state court remedies.

25       Petitioner's motion for leave to proceed in forma pauperis, (Docket No. 3), is GRANTED.

26   This order terminates Docket No. 3.

27   _____

28   [1] Although Petitioner dated his signature "12/3/16," the Court assumes he intended to indicate the
     year as 2015.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS SO ORDERED**.

Dated: _____6\1\16_____

HOWARD R. LLOYD
United States Magistrate Judge

Order of Dismissal; Granting IFP
P:\PRO-SE\HRL\HC.16\00205Talbot_dism(exh)